IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DON KING PRODUCTIONS, INC.,           : CIVIL NO. 05-1177(JP)

   Plaintiff                          :

   v.                                 :

CHUCHO'S BAR, et al.,                 :

   Defendants                         :

**PARTIAL JUDGMENT**

In the instant case, plaintiff claims that various defendants exhibited his copyrighted boxing matches without the proper authorizations in violation of 47 U.S.C. § 605(E)(3)(c)(i)(II), § 605(e)(3)(C)(ii)[1] and § 605(e)(3)(B)(iii). Default was entered against the following co-Defendants:

1) Barrita Melvin, Carmen González individually, the Conjugal Partnership Constituted by Doe and González, Melvin Colón a/k/a Melvin González individually, the Conjugal Partnership Constituted by Colón-Fulana de Tal on 8/4/2005 at docket 38;

2) Salón de Actividades IBIS a/k/a Ibis Salón de Actividades, Mario A. Emmanuelli Rullán individually, the Conjugal Partnership Constituted by Emmanuelli Rullán-Doe on 7/14/2005 at docket 31;

3) Colmado Cochy, Axel Ramos Ortiz individually, the Conjugal Partnership Constituted by Ramos-Doe on 7/14/2005 at docket 31;

---

[1] Plaintiff requested statutory damages in its complaint.

CIVIL NO. 05-1177(JP)            2

4) El Moroco Restaurant, Pedro Vega individually, the Conjugal Partnership Constituted by Vega-Doe, Annie Mercado individually and the Conjugal Partnership Constitute by Doe-Mercado on 7/14/2005 at docket 31.

After default was entered, plaintiff moved for judgment by default. For each establishment and set of defendants related to said establishment, plaintiff filed an affidavit of an auditor who visited the place of business. The affidavits, *inter alia,* detail the number of patrons counted, the number of televisions and which part of the copyrighted transmission was being exhibited. Plaintiff also included a detailed declaration under penalty of perjury by his attorneys that attested to the need for service of summons, the expenses incurred and the time invested in each case. Finally, plaintiff included a detail of the cost of the summons for each defendant. After examining plaintiff's request for judgment by default, its accompanying documents and the complaint, the Court is ready to render its judgment.

Inasmuch as the aforementioned defendants are in default, this ". . . constitutes an admission of all facts well-pleaded in the complaint." *Metropolitan Life Ins. Co. v. Colón Rivera,* 204 F. Supp.2d 273, 274-275 (D. Puerto Rico 2002); *Banco Bilbao Vizcaya Argentiaria v. Family Restaurants, Inc.,* 285 F.3d 111, 114(1st Cir.2002) and *Franco v. Selective Ins. Co.,* 184 F.3d 4, 9 n.3 (1st

CIVIL NO. 05-1177(JP)            3

Cir. 1999). At that point, the only issue remaining for consideration is the amount of damages. Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688 at 444 (1983) (citing *Thomson v. Wooster,* 114 U.S. 104, 5 S. Ct. 788, 29 L.Ed. 105 (1985)); *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319 (7th Cir. 1983) and *Quirindongo Pahceco v. Rolón Morales,* 953 F.2d 15, 16 (1st Cir. 1992). Moreover, "once the entry of a default establishes the fact of damage, the trial judge… has considerable latitude in determining the amount of damages." See *Jones v. Winnepesaukee Realty,* 990 F.2d 1, 4 (1St Cir. 1993) and *Video Views, Inc. v. Studio 21, Ltd.,* 925 F.2d 1010, 1015-1016 (7th Cir.1991).

Pursuant to 47 U.S.C. § 605 (E)(3)(c)(i)(II), the maximum amount for statutory damages is $10,000.00 Pursuant to 47 U.S.C. § 605 (e)(3)(C)(ii), the Court has discretion to increase this to the maxim statutory provision $100,000.00 if it finds the violation of copyright was, willful and for commercial advantage or private gain. Courts may infer willfulness from defendant's failure to defend itself, see *Fitzgerald Publishing Co. V. Baylor,* 807 F.2d 1110, 1115(2d Cir. 1986); *Century ML-Cabe Corp. v. Díaz,* 39 F. Supp.2d 121, 125 (D.P.R. 1999) and *Fallaci v. New Gazette Literary Corp.,* 568 F.Supp.1172, 1173 (S.D.N.Y. 1983). Moreover, the Court in *Time Warner Cable on New York City v. Georgies Luncheonette,*

CIVIL NO. 05-1177(JP)            4

*Inc.* 77 F. Supp.2d 485, 490-91 (S.D.N.Y.1999) stated, "[s]ignals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems." Given the above, the Court finds that defendants' violations were wilful and for commercial advantage and warrant the maximum penalty, as well as maximum statutory damages.

Plaintiff is also seeking reasonable attorneys' fees pursuant to § 605(e)(3)(B)(iii). Plaintiff's attorneys are John E. Mudd and Glenn Carl James. Mr. Mudd has more than twenty years experience in federal litigation and Mr. James has over ten. Therefore, an hourly fee of $200 is not unreasonable. <u>See</u> *Greendel's Den, Inc. v. Larkin,* 749 F.2d 945, 950-951 (1st Cir. 1984); *Blum v. Stenson,* 465 U.S. 886, 895 (1984) and *Mountain Cable Company v. Choquette*, 53 F. Supp.2d 107, 114-115 (D. Mass. 1999).

In light of the above, the Court makes the following specific findings as to each defendant:

1) According to the sworn statement subscribed by Mr. Lizardo Pérez Pérez who visited Barrita Melvin, Carmen González and Melvin Colón a/k/a Melvin González' establishment on the day of the fight, there were 10 persons viewing the fight in the establishment on one television. The Court awards plaintiff **TEN THOUSAND DOLLARS ($10,000.00)** in damages, plus **TWO THOUSAND, TWO**

CIVIL NO. 05-1177(JP)          5

> **HUNDRED DOLLARS ($2,200.00)** in attorneys' fees and **THREE HUNDRED AND FIFTY DOLLARS ($350.00)** in costs and orders Barrita Melvin, Carmen González, Melvin Colón a/k/a Melvin González, and with their conjugal partnerships, to jointly and severally pay this amount to plaintiff, pursuant to the judgment issued in this matter.
>
> 2) According to the sworn statement subscribed by Mr. Lizardo Pérez who visited Salón de Actividades IBIS a/k/a Ibis Salón de Actividades and Mario A. Emmanuelli Rullán's establishment on the day of the fight, there were 15 persons viewing the fight in the establishment on one television. The Court awards plaintiff **TEN THOUSAND DOLLARS ($10,000.00)** in damages, plus **TWO THOUSAND, TWO HUNDRED DOLLARS ($2,200.00)** in attorneys' fees and **TWO HUNDRED AND FORTY DOLLARS ($240.00)** in costs and orders Salón de Actividades IBIS a/k/a Ibis Salón de Actividades and Mario A. Emmanuelli Rullán, with his conjugal partnership, to jointly and severally pay this amount to plaintiff, pursuant to the judgment issued in this matter.
>
> 3) According to the sworn statement subscribed by Mr. Lizardo Pérez who visited Colmado Cochy and Axel Ramos Ortiz's establishment on the day of the fight, there were

CIVIL NO. 05-1177(JP)            6

>     30 persons viewing the fight in the establishment on one television. The Court awards plaintiff **TEN THOUSAND DOLLARS ($10,000.00)** in damages, plus **TWO THOUSAND, TWO HUNDRED DOLLARS ($2,200.00)** in attorneys' fees and **TWO HUNDRED AND FORTY DOLLARS ($240.00)** in costs and orders Colmado Cochy, Axel Ramos Ortiz individually, with his conjugal partnership, to jointly and severally pay this amount to plaintiff, pursuant to the judgment issued in this matter.
>
> 4)  According to the sworn statement subscribed by Mr. Raul Rivera who visited El Moroco Restaurant, Pedro Vega and Annie Mercados' establishment on the day of the fight, there were 40 persons viewing the fight in the establishment on one television. The Court awards plaintiff **TEN THOUSAND DOLLARS ($10,000.00)** in damages, plus **TWO THOUSAND, TWO HUNDRED DOLLARS ($2,200.00)** in attorneys' fees and **THREE HUNDRED AND FIFTY DOLLARS ($350.00)** in costs and orders El Moroco Restaurant, Pedro Vega individually, Annie Mercado individually, with their conjugal partnerships, to jointly and severally pay this amount to plaintiff, pursuant to the judgment issued in this matter.

CIVIL NO. 05-1177(JP)            7

It is expressly directed that this Judgment shall be entered as final against said defendants pursuant to Federal Rule 54(b) of Civil Procedure. In as much as there are multiple parties to this litigation the Court finds that there is no just reason for delay and direct the entry of judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure in the manner stated above.

**IT'S SO ORDERED, ADJUDGED, AND DECREED.**

In San Juan, Puerto Rico, this 28th day of August, 2005.

                                          S/ Jaime Pieras, Jr.
                                            JAIME PIERAS, JR.
                                     U.S. SENIOR DISTRICT JUDGE