```
               IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| DON KING PRODUCTIONS, INC., | |
| Plaintiff, | |
| vs. | CIVIL NO. 05-1177 (JP) |
| CHUCHO'S BAR, et al., | |
| Defendants. | |

**PARTIAL JUDGMENT**

In the instant case the plaintiff claims that various defendants exhibited his copyrighted boxing matches without the proper authorizations in violation of 47 U.S.C. § 605(E)(3)(c)(i)(II), § 605(e)(3)(C)(ii)[1] and § 605(e)(3)(B)(iii). Default was entered against the following defendants:

1) El Volcán a/k/a El Volcán Bar, Angel Luis Medina individually, the conjugal partnership constituted by Medina-Doe on 8/25/2005 at docket number 56;

2) Chucho's Bar a/k/a Junior's Place, Eugenio Vargas individually, the conjugal partnership constituted by Vargas-Doe on 8/31/2005 at docket number 66.

After default was entered, the plaintiff moved for default judgment. For each establishment and set of defendants related to that establishment, the plaintiff filed an affidavit of an auditor who visited the place of business. The affidavits, *inter alia,*

---

[1] Plaintiff requested statutory damages in its complaint.

CIVIL NO. 05-1177 (JP)            -2-

detail the number of patrons counted, the number of televisions and which part of the copyrighted transmission was being exhibited. The plaintiff also included a detailed declaration under penalty of perjury by his attorneys that attested to the need for service of summons, the expenses incurred and the time invested in each case. Finally, the plaintiff included a detail of the cost of the summons for each defendant. After examining the plaintiff's request for judgment by default, its accompanying documents and the complaint, the Court is ready to render its judgment.

Because the aforementioned defendants are in default, this ". . . constitutes an admission of all facts well-pleaded in the complaint." Metropolitan Life Ins. Co. v. Colón Rivera, 204 F. Supp. 2d 273, 274-275 (D. Puerto Rico 2002); Banco Bilbao Vizcaya Argentaria v. Family Restaurants, Inc., 285 F.3d 111, 114 (1st Cir. 2002) and Franco v. Selective Ins. Co., 184 F.3d 4, 9 n.3 (1st Cir. 1999). At that point, the only issue remaining for consideration is the amount of damages. Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688 at 444 (1983) (citing Thomson v. Wooster, 114 U.S. 104, 5 S. Ct. 788, 29 L. Ed. 105 (1985)); Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319 (7th Cir. 1983) and Quirindongo Pacheco v. Rolón Morales, 953 F.2d 15, 16 (1st Cir. 1992). Moreover, "once the entry of a default establishes the fact of damage, the trial judge . . . has considerable latitude in

CIVIL NO. 05-1177 (JP)            -3-

determining the amount of damages." See Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir. 1993) and Video Views, Inc. v. Studio 21, Ltd., 925 F.2d 1010, 1015-1016 (7th Cir. 1991).

Pursuant to 47 U.S.C. § 605(E)(3)(c)(i)(II), the maximum amount for statutory damages is $10,000.00. Pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), the Court has discretion to increase this to the maximum statutory provision of $100,000.00 if it finds the violation of copyright was willful and for commercial advantage or private gain. Courts may infer willfulness from defendant's failure to defend itself. See Fitzgerald Publishing Co. v. Baylor, 807 F.2d 1110, 1115 (2d Cir. 1986); Century ML-Cabe Corp. v. Díaz, 39 F. Supp. 2d 121, 125 (D.P.R. 1999); and Fallaci v. New Gazette Literary Corp., 568 F. Supp. 1172, 1173 (S.D.N.Y. 1983). Moreover, the Court in Time Warner Cable on New York City v. Georgies Luncheonette, Inc., 77 F. Supp. 2d 485, 490-91 (S.D.N.Y. 1999) stated, "[s]ignals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems." Given the above, the Court finds that the defendants' violations were willful and for commercial advantage and warrant the maximum penalty, as well as maximum statutory damages.

The plaintiff also seeks reasonable attorneys' fees under Section 605(e)(3)(B)(iii). The plaintiff's attorneys are John E. Mudd and Glenn Carl James. Mr. Mudd has more than twenty years experience in federal litigation and Mr. James has over ten.

CIVIL NO. 05-1177 (JP)          -4-

Therefore, an hourly fee of $200 is not unreasonable. See Greendel's Den, Inc. v. Larkin, 749 F.2d 945, 950-951 (1st Cir. 1984); Blum v. Stenson, 465 U.S. 886, 895 (1984); and Mountain Cable Company v. Choquette, 53 F. Supp. 2d 107, 114-115 (D. Mass. 1999).

In light of the above, the Court makes the following specific findings as to each defendant:

1)   According to the sworn statement subscribed by Mr. Juan Alberto Batista, who visited El Volcán on the day of the fight, there were approximately persons inside the establishment and one television displaying the fight. The Court awards plaintiff **TEN THOUSAND DOLLARS ($10,000.00)** in damages, plus **TWO THOUSAND, TWO HUNDRED DOLLARS ($2,400.00)** in attorneys' fees and **THREE HUNDRED AND FIFTY DOLLARS ($230.00)** in costs and orders El Volcán a/k/a El Volcán Bar, Angel Luis Medina individually, the conjugal partnership constituted by Medina-Doe to jointly and severally pay this amount to plaintiff pursuant to the judgment issued in this matter.

2)   According to the sworn statement subscribed by Mr. Juan Alberto Batista, who visited Chucho's Bar on the day of the fight, there were approximately twelve persons in the establishment and one television displaying the fight. The Court awards the plaintiff **TEN THOUSAND DOLLARS ($10,000.00)** in damages, plus **TWO THOUSAND, TWO HUNDRED DOLLARS ($2,400.00)** in attorneys' fees and **TWO HUNDRED AND FORTY DOLLARS ($230.00)** in costs and orders Chucho's Bar a/k/a Junior's Place, Eugenio Vargas individually, the conjugal

CIVIL NO. 05-1177 (JP)          -5-

partnership constituted by Vargas-Doe, to jointly and severally pay this amount to plaintiff pursuant to the judgment issued in this matter.

It is expressly directed that this Judgment shall be entered as final against the stated defendants pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.  Because there are multiple parties to this litigation, the Court finds that there is no just reason for delay and direct the entry of judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure in the manner stated above.

**IT'S SO ORDERED.**

In San Juan, Puerto Rico, this 9th day of January, 2006.

                                        s/Jaime Pieras, Jr.
                                         JAIME PIERAS, JR.
                                    U.S. SENIOR DISTRICT JUDGE